United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH HILL, et al.,
Plaintiffs,
v.
CHRIS A. LUND, et al.,
Defendants.

Case No. 16-cv-02453-MEJ

**ORDER GRANTING MOTION TO TRANSFER**

Re: Dkt. No. 11

## INTRODUCTION

Pending before the Court is Defendants Old Dominion Freight Line, Inc. ("ODFL") and Chris A. Lund's (collectively, "Defendants") Motion to Transfer Action to United States District Court for the Eastern District of California. Dkt. No. 11. Plaintiffs Joseph Hill and Quiante Hadnot ("Plaintiffs") filed an Opposition (Dkt. No. 17), and Defendants filed a Reply (Dkt. No. 18). The Court finds this matter suitable for disposition without oral argument and **VACATES** the June 23, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion and **TRANSFERS** this case to the Eastern District of California for the following reasons.

## BACKGROUND

This matter arises from a fatal motor collision occurring on eastbound US-50 in the City and County of Sacramento, California. Compl. ¶ 10, Dkt. No. 2-2. On December 14, 2015, Plaintiffs allege Lund negligently and recklessly drove a 2014 Volvo Tractor-truck with a 2012 Waba Trailer, owned by ODFL, and caused a collision with a 2000 Suzuki motorcycle being operated by Keymonei A. Hadnot ("Decedent"). *Id.* Plaintiffs are the Successors in Interest of the

Decedent. *Id.* ¶ 16. They now bring causes of action for Wrongful Death and Survival. *Id.* ¶¶ 9-14, 15-18. Plaintiffs also allege Decedent incurred medical expenses for treatment and care "as a result of injuries sustained" in the collision. *Id.* ¶ 17. In their accompanying declaration, Plaintiffs state Decedent died at U.C. Davis Medical Center, located in Sacramento, California. Decl. of J. Hill & Q. Hadnot, ¶ 3, Dkt. No. 2-7.

Hill resides in Alameda County, which is in this District. Compl. ¶ 2. Hadnot resides in Solano County, which is in the Eastern District of California. *Id.* ¶ 3. Lund resides in Utah. *Id.* ¶ 4. Although ODFL is registered to do business in and does business in California, it does not have a principal place of business in California nor is it incorporated in California. *Id.* ¶ 5.

On March 11, 2016, Plaintiffs filed this case in Alameda County Superior Court. Not. of Removal, Dkt. No. 2. Defendants removed the case to this Court on May 5, 2016. *Id.*

On May 12, 2016, Defendants filed the present Motion to Transfer.

## LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this statute is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

When determining whether a transfer is proper, a court must employ a two-step analysis. A court must first consider the threshold question of whether the case could have been brought in the forum to which the moving party seeks to transfer the case. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (citations omitted)). Once the party seeking transfer has made this showing, district courts have discretion to consider motions to change venue based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

United States District Court
Northern District of California

Pursuant to Section 1404(a), a court should consider: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. 28 U.S.C. § 1404(a). As the Ninth Circuit has explained, additional factors that a court may consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org.*, 487 U.S. at 29; *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988)).

**DISCUSSION**

Transfer under Section 1404(a) is only appropriate if the action could have been brought in the transferee venue. *See* 28 U.S.C. § 1404(a). Venue is proper in any judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §§ 1391(b)(2). Here, the subject collision occurred in the City and County of Sacramento, California, which is located within the Eastern District of California, and Decedent was treated in and died in Sacramento. Compl. ¶¶ 10, 17. Thus, all of the events giving rise to Plaintiffs' claims occurred in Sacramento and this action could have been brought in the Eastern District of California. *See* 28 U.S.C. § 1391(b) ("A civil action may be brought in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

**A. Plaintiff's Choice of Forum**

Defendants argue Plaintiffs' choice of forum is entitled to little weight because (1) Plaintiffs did not choose the Northern District of California as their forum; (2) the subject collision occurred within the Eastern District of California; and (3) the majority of witnesses will be within

the Eastern District of California. Mot. at 5. In response, Plaintiffs note they did not take issue with Defendants' right to remove this case to this District "since there appears to be complete diversity, the amount in controversy is of a sufficient amount, and Alameda County is located within the Northern District of California." Opp'n at 3. However, they now argue their choice of forum should be afforded "significant weight" because their "choice of venue is presumptively correct." *Id.*

A court should ordinarily give a plaintiff's choice of forum great deference, absent a strong showing from a defendant. *Piper Aircraft Co v. Reyno*, 454 U.S. 235, 265-66 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, the deference accorded to a plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Thus, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.*

Here, Hill resides in Alameda County, which is in this District, and he is therefore entitled to deference in the choice of forum. However, Hadnot resides in Solano County, which is in the Eastern District. Compl. ¶¶ 2, 3; Opp'n at 2. Further, none of the operative facts occurred in the Northern District. The motor vehicle collision that is the subject of the Complaint occurred in Sacramento, which is located within the Eastern District. Compl. ¶ 10. Decedent was treated and died in Sacramento. *Id.* ¶ 17. Thus, aside from Hill's residence in Alameda County, there is no other connection to the Northern District. Accordingly, the Court finds Plaintiffs' choice of forum is entitled to minimal consideration. *See Pacific Car*, 403 F.2d at 954; *Lopez v. BeavEx, Inc.*, 2015 WL 2437907, at *2 (N.D. Cal. May 20, 2015) (finding the plaintiff's choice of forum "not entitled to much deference," even though the plaintiff resided in the Northern District of California, because "the bulk of the pertinent events did not occur in this district"); *Reflex Packaging, Inc. v. Audio Video Color Corp.*, 2013 WL 5568345, at *4 (N.D. Cal. Oct. 9, 2013) (granting motion to transfer where "few of the operative facts occurred in the Northern District of

California.”).

**B. Convenience of the Witnesses and Parties**

In addition to considering Plaintiffs’ choice of forum, the Court must consider the relative convenience of the competing forums for all parties. The convenience of witnesses has been called the most powerful factor governing the decision to transfer a case. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002). “Generally, litigation costs are reduced when venue is located near the most witnesses expected to testify.” *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) (citing *Bunker*, 2006 WL 193856 at *2). The trial court looks at who the witnesses are, where they are located, and the relevance of their testimony. *A.J. Indus., Inc. v. U.S. District Ct.*, 503 F.3d 384, 389 (9th Cir. 1974). Here, Defendants argue the pertinent witnesses, such as the investigating officers and the healthcare providers, are all residents of the Eastern District. Mot. at 6; Vining Decl., Dkt. No. 20. Plaintiffs do not appear to dispute this but instead argue “Defendants have failed in their motion to list potential witnesses by name, state their presumed location, or describe what each person will contribute to the fact finding process.” Opp’n at 3. But even if Defendants have not listed potential witnesses by name, all the evidence before the Court shows they are located in the Eastern District. Further, the Sacramento location is likely to be key given that the collision took place there and Decedent was treated and died there. Thus, the factor of convenience to the witnesses weighs heavily in favor of transfer. *See, e.g.*, *Frias v. Aetna Life Ins. Co.*, 2014 WL 5364105, at *4 (N.D. Cal. Oct. 21, 2014) (holding that the convenience of witnesses located in another district weighed “in favor of transfer because of the potential for additional discovery”); *Nozolino v. Hartford Life & Acc. Ins. Co.*, 2013 WL 2468350, at *3 (N.D. Cal. June 7, 2013) (holding that convenience of the witnesses weighed in favor of transfer because “[i]f any witnesses need to be called, such witnesses will likely reside in the Central District”).

As to the convenience of the parties, this is also “an important factor in determining whether to allow a transfer of venue.” *Jarvis v. Marietta Corp.*, 1999 WL 638231, at *4 (N.D. Cal. Aug. 12, 1999); 28 U.S.C. § 1404(a). However, the only person with any apparent connection to the Northern District of California is Hill, who resides in Alameda County, and he

does not provide any evidence of what his testimony would be or whether there are other relevant witnesses and evidence located here. On the other hand, Hadnot resides in the Eastern District, while Lund resides in Utah and ODFL does not have a principal place of business in California nor is it incorporated in California. Based on this record, the Court finds this factor is, at best, neutral.

**C. Other Factors**

As to the remaining *Jones* factors and the interests of justice, each of these factors is either neutral or weighs in favor of transfer. Both venues are equally familiar with the applicable law. Neither side has raised any issue regarding other claims that may be brought. The local interest in this controversy is stronger in the Eastern District, where the accident took place and Decedent was treated and died. Neither side has raised any issue regarding judicial efficiency. In sum, most of the factors weigh in favor of transfer or are neutral. Thus, after careful consideration, the Court finds that transfer to the Eastern District of California is appropriate and would serve the convenience of the parties and witnesses, and promote the interests of justice.

**CONCLUSION**

For the reasons explained above, the Court **GRANTS** Defendants' Motion to Transfer Venue to the Eastern District of California.

**IT IS SO ORDERED.**

Dated: June 2, 2016

MARIA-ELENA JAMES
United States Magistrate Judge